KEKER VAN NEST & PETERS       LATHAM & WATKINS LLP       MORRISON FOERSTER

January 8, 2026

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: *All Counsel of Record (via ECF)*

Re:     **<u>OpenAI's Opposition Brief to Plaintiffs' Motion to Compel OpenAI to Log and Produce Communications Between In-House Counsel and Outside Counsel</u>**
*In re OpenAI Inc. Copyright Infringement Litigation*, No. 1:25-md-03143 [ECF 1030] This Document Relates to the following Class Cases: Case No. 1:23-cv-08292, Case No. 1:23-cv-10211, Case No. 1:24-cv-00084, Case No. 1:25-cv-03291, Case No. 1:25-cv-03482, Case No. 1:25-cv-03483.[1]

Dear Judge Wang:

Plaintiffs' request for "clarification" seeks to expand the Court's November 24 and December 5 Orders (Dkts. 846 & 910, the "Orders") to impose a new and burdensome custodial document search that the Court did not order. Specifically, Plaintiffs seek to require OpenAI to conduct a new custodial collection and privilege review of two in-house lawyers' files—relief Plaintiffs never sought and cannot justify under Rule 26. Plaintiffs' request should be denied for three independent reasons:

*First*, OpenAI has complied with the Orders, which are limited to identifying and (subject to the stay) producing documents OpenAI had "***previously withheld***" on privilege grounds. Dkt. 910 at 5; Dkt. 846 at 27 (scope limited to documents "OpenAI has redacted or withheld"). Nothing in the Orders requires a new custodial search of in-house counsel's files.

*Second*, Plaintiffs' request is an untimely attempt to expand discovery by adding new custodians without meeting their burden under Rule 26(b)(1). Plaintiffs have never moved to add OpenAI's

---

[1] All internal quotation marks and citations have been removed, and all emphases added, unless noted. References to "Dkt." cite to the MDL docket.

January 8, 2026
Page 2

in-house counsel as custodians, nor could they carry their burden to do so given the late stage of fact discovery and the disproportionate burden of reviewing in-house lawyers' files.

***Third***, Plaintiffs' request that the Court "clarify" the scope of its Orders while OpenAI's Rule 72 objections are pending before Judge Stein is improper and premature.

I.   **OpenAI complied with the Court's logging Orders.**

While OpenAI respectfully disagrees with the November 24 Order regarding privilege waiver and has sought review under Rule 72, it has complied with the Court's direction to provide a revised privilege log identifying the documents implicated by the Order while review proceeds.

In its November 24 Order, the Court ordered OpenAI to produce four documents it had previously reviewed *in camera* and "written communications with in-house counsel in 2022 regarding the reasons for the deletion of (a) the Books1 and Books2 datasets and (b) all internal references to LibGen that OpenAI has ***redacted or withheld*** on the basis of attorney-client privilege." Dkt. 846 at 27. The Court further directed OpenAI to log "all written communications ***regarding the same*** to the extent they are not already on OpenAI's privilege log…." *Id.* at 27–28. Nothing in the November 24 Order required OpenAI to conduct a new custodial collection or review of in-house counsel's documents, and the parties did not litigate any such request in connection with Plaintiffs' privilege-waiver motion.

On December 5, the Court granted OpenAI's motion to stay the November 24 Order in part. Dkt. 910 at 5–6. The Court stayed OpenAI's "deadline to produce ***documents previously withheld*** on the basis of attorney-client privilege" pending resolution of OpenAI's Rule 72 objections. *Id.* at 5. But the Court did not stay the deadline for OpenAI to "produce its revised privilege log ***regarding these specific documents***." *Id.*

OpenAI did exactly that. It served a revised privilege log identifying the documents previously withheld on the basis of privilege that are implicated by the November 24 Order.[2]

II.   **Plaintiffs seek an untimely expansion of the Court's Orders—not a "clarification."**

Contrary to Plaintiffs' assertion, there is nothing "insufficient" about OpenAI's privilege log.[3] If Plaintiffs believed they were entitled to broader relief, their remedy was to file a timely objection

---

[2] Plaintiffs incorrectly claim that OpenAI made no effort to identify documents that were "not already on OpenAI's privilege log." Dkt. 1030 at 2. In fact, OpenAI's log contains two documents (Log Nos. 2961 and 2962) that were within the scope of existing discovery and previously withheld on the basis of privilege but had not yet been logged. Dkt. 1030-1

[3] Plaintiffs mischaracterize the parties' meet and confer. Dkt. 1030 at 3. Throughout the conferral process, OpenAI consistently maintained that the Court's Orders did not require any additional search or logging of in-house counsel's files. To avoid motion practice, OpenAI made a conditional and limited proposal: "to avoid unnecessary motion practice, OpenAI is willing to

January 8, 2026
Page 3

to the Orders under Rule 72. They may not seek new, untimely relief that would materially expand the scope of discovery under the guise of a supposed "clarification."

By their plain terms, the Court's Orders are limited to documents that OpenAI had "previously withheld" on privilege grounds. Dkt. 910 at 5; Dkt. 846 at 27 (documents "OpenAI has redacted or withheld"). That limiting language matters. It distinguishes between (a) updating a privilege log to reflect documents "***previously withheld***" during discovery and (b) ordering an ***entirely new*** custodial search—particularly one involving in-house counsel, with all the attendant privilege and burden concerns. The Orders require only the former.

Plaintiffs' argument that OpenAI must log in-house counsel's communications "regardless of whether OpenAI had previously reviewed, collected, or logged the material," Dkt. 1030 at 1, finds no support in the Orders' text. Plaintiffs' interpretation is contradicted by the plain language of the Orders, which, again, expressly limit OpenAI's logging obligation to documents "previously withheld." Nor can Plaintiffs point to any language in the Orders that directs OpenAI to conduct a new custodial search of in-house counsel's documents. Plaintiffs never sought such relief in connection with their privilege waiver motion.

Unable to support their position based on the text of the Orders, Plaintiffs attempt to splice together out-of-context snippets to prop up their new demand. But the excerpts Plaintiffs cite do not address the scope of relief. Dkt. 1030 at 3 (citing Dkt. 846 at 13–14, 16, 24). Plaintiffs' suggestion that the Court ordered OpenAI to search for and log a broader set of documents than it ordered OpenAI to produce is unsupported and contrary to the plain terms of the Orders. The Court's logging and production obligations are expressly linked and coterminous. Dkt. 910 at 5 ("revised privilege log" limited to the "specific documents" OpenAI had "previously withheld"); Dkt. 846 at 27–28 (logging "regarding the same" documents subject to production).

Plaintiffs' attempt to expand the scope of the Court's Orders is untimely and meritless.

### III.   Plaintiffs may not circumvent Rule 26 to add in-house counsel as custodians.

Plaintiffs' request for "clarification" is a backdoor attempt to compel OpenAI to search the files of additional custodians—two OpenAI in-house counsel—without satisfying Rule 26(b)(1). That is not how custodial discovery works. The "party seeking to compel another party to search the files of additional custodians bears the burden" of moving under Rule 26(b)(1). *Mortg. Resol.*

---

search for and log communications between OpenAI inhouse counsel (Mr. Kwon and Mr. Chang) and outside counsel in 2022 regarding the reasons for the deletion of the Books 1 and Books 2 datasets." Dkt. 1030-2 at 7 (12/28/25 Slaughter Email). Plaintiffs then attempted to recast that proposal as an unconditional agreement while simultaneously stating that they would file a motion anyway and adding new demands for a broader custodial search of in-house counsel's documents. *Id.* at 6 (12/29/25 Smyser Email). OpenAI rejected that expansion and reiterated its position that the Orders do not require the additional search or logging Plaintiffs seek. *Id.* at 2, 4–5 (12/30/25 & 1/2/26 Slaughter Emails).

January 8, 2026
Page 4

*Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017). The requesting party must "demonstrate[] that the resulting production is deficient" before the court can "play [a] role in . . . designating custodians." *Id.*

Plaintiffs have never moved to add OpenAI's in-house counsel as custodians under Rule 26(b)(1). They have not identified any deficiency in OpenAI's privilege log responsive to the Court's Orders. They have not shown that OpenAI's in-house counsel's files are likely to contain non-duplicative relevant and proportional discovery. And they have not addressed the significant burden associated with adding attorney custodians. Those burdens are particularly acute at this late stage of fact discovery and where, as here, OpenAI is not asserting an advice of counsel defense or otherwise placing its privileged legal advice at issue.

Courts recognize that compelling custodial searches of in-house counsel is disfavored because it is "time-consuming and costly." *See Dale v. Deutsche Telekom AG*, 2024 WL 4416761, at *3 (N.D. Ill. Oct. 4, 2024); *Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*, 2019 WL 3369659, at *1 (D. Del. July 15, 2019) ("possibility of finding discoverable information" in counsel's files outweighed by burden of "creating a privilege log"). Plaintiffs' request would impose those burdens on OpenAI to conduct a relevance and privilege review of in-house counsel's documents.

The Court should reject Plaintiffs' attempted end-run around Rule 26(b)(1).

### IV. Plaintiffs' requested "clarification" is improper and premature.

At a minimum, the Court should reject Plaintiffs' invitation to "clarify" the scope of its November 24 Order while OpenAI's Rule 72 objection remains pending. OpenAI's objection is fully briefed, and Judge Stein has set oral argument for January 16. Dkt. 1089. It would be premature and improper for this Court to "clarify" the scope of the Order while OpenAI's objection is pending—doing so would risk creating uncertainty in Judge Stein's resolution of the issue. Moreover, if Judge Stein sustains OpenAI's objection, Plaintiffs' requested clarification will be moot. And if Judge Stein overrules the objection, the Court can consider Plaintiffs' request at that time.

Respectfully,

| KEKER, VAN NEST & PETERS LLP[4] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| /s/ R. James Slaughter<br>R. James Slaughter | /s/ Allison S. Blanco<br>Allison S. Blanco | /s/ Caitlin Sinclaire Blythe<br>Caitlin Sinclaire Blythe |

---

[4] All parties whose electronic signatures are included herein have consented to the filing of this document.