# EXHIBIT B

**Key:** Green represents Plaintiffs' filing; Purple represents Defendants' filing.

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| **Pending Motions – Class** | | | | | | | |
| Dkt. 378 | 7/29/25 | Dkt. 415 | Class Plaintiffs' refusal to respond to RFAs regarding alleged harm | OpenAI | Class Plaintiffs | OpenAI previously raised this issue with the Court, Dkt. 131, and Plaintiffs opposed, Dkt. 187. The Court denied OpenAI's motion as moot and ordered amended responses served by June 30, 2025, Dkt. 246. | **OpenAI's Position:** OpenAI moves to compel SDNY Plaintiffs to comply with this Court's June 23 order (Dkt. 246) compelling responses to six straightforward RFAs about evidence they possess to support claims that ChatGPT outputs allegedly directly compete with and/or substitute for their works in the book market. These RFAs neither (1) resemble "contention interrogatories" nor (2) do they seek consultant expert work product. They instead seek to confirm a simple fact only Plaintiffs know for sure and that goes directly to a core issue in the case: Plaintiffs *themselves* do not possess certain categories of evidence to support the allegations they have made about alleged ChatGPT output substitution. This information is directly relevant to fair use factor four (market harm) and is critical to focusing discovery and narrowing disputes for trial.<br><br>Plaintiffs have repeatedly attempted to avoid answering these RFAs, including by misrepresenting to the Court that they would "substantively respond," Dkt. 187-1 (thus mooting OpenAI's original motion to compel, Dkt. 131). Plaintiffs' newest theory – that OpenAI's RFPs somehow render these RFAs improper – is likewise unsupported and false. If Plaintiffs believe they have "produced nonprivileged documents" contemplated by these RFAs, they should deny them. If not, Plaintiffs' lack of production merely proves OpenAI's point - that Plaintiffs are not aware of any competing / substituting outputs, and are using "expert privilege" to avoid admitting this fact.<br><br>**Plaintiffs' Positions:** OpenAI's *renewed* motion to compel these RFA responses should be denied for the following reasons: (1) The RFAs seek to discover *new* information, *i.e.*, whether Plaintiffs' are aware of certain GPT outputs, which is not permitted under Rule 36; (2) OpenAI has served RFPs, and Plaintiffs have |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | produced nonprivileged documents, pertaining to ChatGPT outputs; (3) OpenAI by virtue of controlling ChatGPT possesses ample evidence of ChatGPT outputs and market substitution; (4) the RFAs invade the expert work product privilege; and (5) Plaintiffs' awareness of certain ChatGPT outputs is not relevant to OpenAI's fair use defense. *See also* Dkt. 187 (Plaintiffs' response to OpenAI's first letter motion on this issue). |
| Dkt. 388 | 7/30/25 | Dkt. 423 | Documents withheld or clawed back on basis of privilege | Class Plaintiffs | OpenAI | Class Plaintiffs and OpenAI have previously submitted letter briefing | **Class Plaintiffs' Position:** Class Plaintiffs seek an Order requiring OpenAI to submit a sample of documents OpenAI has withheld as privileged for *in camera* review. The withheld documents and information appear to be nonprivileged because they are primarily business discussions among non-lawyer businesspeople, which represents a large tranche of documents OpenAI has withheld from production. Class Plaintiffs have been seeking this relief since March, so that the Court's review of the sample might guide the parties' discussions of privilege moving forward. After weeks of ignoring Plaintiffs' emails to meet and confer, OpenAI made late, vague offers to produce most of the documents in the sample, but would not do so before motions were due. If OpenAI does indeed produce the documents in the sample, Class Plaintiffs will seek to ensure that OpenAI also produces the broader set of primarily business discussions that OpenAI has also withheld. Class Plaintiffs also seek permissive *in camera* review of documents OpenAI produced and then clawed back, under FRCP(b)(5)(B). **August 4, 2025 Update:** While OpenAI claimed in a July 28 that they could produce seven of the improperly withheld documents at issue during the week of July 28, they did not do so. OpenAI has not responded to emails asking why the documents were not produced and asking whether OpenAI would also produce other improperly withheld documents that Plaintiffs have been seeking since February 19, 2025. |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | **OpenAI's Position**: Plaintiffs ignore OpenAI's logs, declarations, and descriptions, and seek *in camera* review premised on their erroneous beliefs that: (1) if unredacted portions of a document involve business topics, the redacted portions of the same document cannot be predominantly legal in nature; (2) a former OpenAI in-house counsel cannot confirm his own prior legal advice after transitioning to a policy role; and (3) Plaintiffs are automatically entitled to *in camera* review and thus do not need to meet and confer about any specific privilege challenge. The law requires more, and none of Plaintiffs' arguments justify invading OpenAI's privilege. Rather, the dispute appears designed to burden OpenAI (and the Court) and delay the orderly conclusion of discovery. The Court should deny Plaintiffs' request. In a good faith effort to narrow the dispute, OpenAI offered to produce certain challenged documents in unredacted form or with narrowed redactions if Plaintiffs would agree that such a production would not constitute any privilege waiver. Plaintiffs would not agree. Nevertheless, OpenAI produced those documents on August 4, 2025, while reserving its positions. With respect to the nonexhaustive list of hundreds of other documents Plaintiffs have not raised with the Court, OpenAI remains willing to continue meeting and conferring, and believes it would be most productive after omnibus MDL privilege logs are exchanged by the mutually agreed upon date. OpenAI notes that Plaintiffs have failed to identify with specificity their concerns with specific log entries, despite having had, by their own claim, six months to do so. If the Court would like further evidence to assess this dispute without engaging in the burdensome process of a full *in camera* review, OpenAI respectfully proposes that the Court review *in camera* the first five documents Plaintiffs have challenged. |

3

Case 1:25-md-03143-SHS-OTW    Document 437-2    Filed 08/05/25    Page 5 of 8

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| Dkt. 393 (Sealed Filing) Dkt. 397 (Public Filing) | 7/30/25 | Dkt. 429 | OpenAI's deposition subpoenas to Former Plaintiffs | OpenAI | Class Plaintiffs / Five Former Lead Plaintiffs | The dispute is fully briefed and the Court has not yet heard argument. | **OpenAI's Position:** OpenAI requests an order compelling limited, three-hour depositions of five former Lead Plaintiffs: Preston, Winchester, Coates, Silverman, and Díaz ("Former Lead Plaintiffs"). Each possesses unique factual information relevant—and often contrary—to numerous allegations throughout the complaint. This information is directly relevant to factor four, the propriety of class certification, and damages. OpenAI cannot discover this information from the remaining named plaintiffs who appear to have been carefully and deliberately selected to avoid these issues. OpenAI is thus entitled to the discovery it seeks to defend itself in this litigation, and should not be required to wait until the end of fact discovery before it can seek depositions of the Former Lead Plaintiffs. Former Lead Plaintiffs contend they should be shielded from discovery as absent class members. But Former Lead Plaintiffs are the opposite of "true strangers" to the litigation–the type of person absent-class discovery limits are designed to protect. *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 72 (S.D.N.Y. 2020). Instead, they are percipient witnesses who chose to initiate and lead these class actions for nearly two years before withdrawing only last month. And although Plaintiffs suggest OpenAI should instead rely on prior discovery from Former Lead Plaintiffs, they do not explain how OpenAI could get such discovery into the record without Former Lead Plaintiffs' testimony. Plaintiffs should not be permitted to procedurally bury key, relevant evidence necessary for the Court to address summary judgment and class certification.<br><br>**Plaintiffs'/Former Lead Plaintiffs' Positions:** OpenAI's motion compelling the depositions of five absent class members should be denied. "[C]ourts are *extremely* reluctant to permit discovery of absent class members" *In re Petrobras Sec. Litig.*, No. 14-cv-9662, 2016 WL 10353228, at *1 (S.D.N.Y. Feb. 22, |

4

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | 2016) (emphasis added). This is especially true for depositions of absent class members. *See In re Avon Anti-Aging Skincare Creams & Prods. Mktg. & Sales Pracs. Litig.*, No. 13 CIV. 0150 (JPO), 2014 WL 12776747, at *1 (S.D.N.Y. Apr. 22, 2014). Relying on irrelevant, misstated, and individualized facts that have no bearing on the claims and defenses in this case, OpenAI fails to make the requisite showing to obtain absent class member discovery. Worse, OpenAI has sought absent class member depositions before most named plaintiffs have been deposed. Accordingly, OpenAI's motion should be denied. |
| Dkt. 413 | 7/30/25 | Dkt. 428 | Privilege over pirated books materials and deletion | Class Plaintiffs | OpenAI | The parties have previously raised these issues with the Court. | **Class Plaintiffs' Position:** The parties conducted a limited 30(b)(6) deposition in compliance with the Court's June 25 Order (Dkt. 270). The deposition and objections by OpenAI highlighted OpenAI's shifting privilege assertions related to the reasons for the deletion of Books1 and Books2 and associated information. OpenAI's constantly shifting claims and state-of-mind implicating assertions and defenses support a waiver of privilege, and the deposition testimony elicited raises serious questions about spoliation and attorney work product used in furtherance of crime or fraud. OpenAI must therefore either waive its privilege claims or forego contradicting statements Plaintiffs may make regarding the reasons for the deletion of Books1 and Books2 as well as the states of mind such conduct evinces.<br><br>**OpenAI's Position:** Plaintiffs' motion is not a genuine attempt to obtain discovery about the Books1 and Books2 datasets; it is an attempt to paint OpenAI in a negative light to obtain an unwarranted tactical litigation advantage. The material facts are not in dispute: no current ChatGPT model was trained on the Books1 and Books2 datasets, and GPT-3.5—released in 2022 and no longer used by ChatGPT by early 2023—was the last OpenAI model trained on such |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | data. OpenAI removed the Books1 and Books2 datasets in July 2022–a full year before any plaintiff filed litigation challenging OpenAI's training on books–and has since recovered and produced those datasets. Plaintiffs now seek discovery *not* into the *content* of those datasets or when they were used (since they have all that information), but into the *reasons* for the removal. As OpenAI has consistently explained, those reasons are privileged because they were based on legal advice. And as OpenAI has already informed Plaintiffs, there are *no* non-privileged reasons for the removal, and OpenAI does not intend to rely on the advice of counsel either affirmatively or in rebuttal. OpenAI is not wielding privilege as both sword and shield. Plaintiffs' invocation of the crime-fraud exception is equally meritless. That exception is sparingly applied and requires a substantial showing that Plaintiffs come nowhere close to making. Indeed, their theory of "crime" would require the Court to address—at the discovery stage—the question at the heart of the case: whether use of publicly available data was fair use. In fact, the court in *Kadrey v. Meta* rejected application of the crime fraud exception in discovery and, at summary judgment, held that use of data from shadow libraries for model training *was* fair use. |
| **Other Updates – Class** | | | | | | | |
| AG Dkt. 377 | 5/31/25 | AG Dkt. 386 | Microsoft's Response to RFP re: training data | Class Plaintiffs | Microsoft | The parties have previously raised this issue with the Court and the issue has now been resolved. | **Joint Position:** After the last status conference and in compliance with the Court's June 25 Order (Dkt. 270 at 2), Class Plaintiffs served deposition topics on Microsoft on July 3, 3025. The parties met and conferred and were able to reach agreement on the scope of the topics. The parties plan to conduct the limited 30(b)(6) deposition in August. The parties consider this issue resolved. |
| Tremblay Dkts. 388- | March 13, 2025; Marc | Tremblay Dkts. 419- | Pending Rule 72 motions | Class Plaintiffs | OpenAI | Pending before Judge Stein | **Joint Position:** The parties write only to update the Court and are not requesting any relief from Your Honor at this time. On May 27, 2025, the Court ordered the parties to meet and confer regarding |

6

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| 391, 405-406 | h 19, 2025 | 422, 434 | | | | | Plaintiffs' Rule 72 motions filed in the N.D. Cal. action. The parties met and conferred and agree that, as a procedural matter, the motions may be ruled on by Judge Stein, but were not able to reach resolution of the substantive issues. With respect to the substantive issues, consistent with Class Plaintiffs' compromise proposal, Class Plaintiffs intend by forthcoming letter to withdraw the Rule 72 objections at Dkts. 390/391 and 405/406 (unsealed/sealed), and Class Plaintiffs will request that Judge Stein decide the remaining Rule 72 motion at Dkt. 388/389 based on the parties' prior briefing in the N.D. Cal. action. OpenAI will not object to that request. |